IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | CRIMINAL NO. 25-267 (MAJ) |
| v. | |
| [1] SHOKIR KURBONOVICH KHALILOV,<br>Defendant. | |



PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Shokir Kurbonovich Khalilov, and Defendant's counsel, Marta Rey-Cacho, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count Two of the Indictment:

Count Two: On or about March 13, 2024, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, [1] SHOKIR KURBONOVICH KHALILOV, as principal and aiding and abetting with a United States citizen, did knowingly and unlawfully enter into a marriage, for the purpose of evading any provision of the immigration laws of the United States. All in violation of Title 8, United States Code, Section 1325(c) and 18, United States Code, Section 2.

## 2. Maximum Penalties

<u>Count Two</u>: The maximum statutory penalty for the offense charged in Count Two of the Indictment, is a term of imprisonment of five years, pursuant to 8 U.S.C. 1325(c), a fine not to exceed $250,000.00 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form

500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

*[handwritten margin: MTRC / SKK.]*

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINE CALCULATION<br>8 U.S.C. § 1325(c) | |
|---|---|
| Base Offense Level: U.S.S.G. § 2L2.2(a) | 8 |
| Defendant fraudulently used a foreign passport pursuant to U.S.S.G. § 2L1.2(b)(3)(B) | 2 |
| Acceptance of Responsibility: U.S.S.G.§ 3E1.1(a) & (b) | -2 |
| TOTAL ADJUSTED OFFENSE LEVEL | 8 |
| RANGE IF CRIMINAL HISTORY CATEGORY I | 0-6 |

| RANGE IF CRIMINAL HISTORY CATEGORY II | 4-10 |
|---|---|
| RANGE IF CRIMINAL HISTORY CATEGORY III | 6-12 |

8. **Sentence Recommendation**

As to Count Two, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of six months of imprisonment, followed by a term of supervised release of three years.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

9. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

10. **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is six months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by

Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12. Satisfaction with Counsel**

Defendant is satisfied with counsel, Marta Rey-Cacho, Esq., and asserts that counsel has rendered effective legal assistance.

**13. Rights Surrendered by Defendant Through Guilty Plea**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

    e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

19. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

20. **Potential Impact on Immigration Status**

Defendant is an alien. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, he may be removed from the United States, denied citizenship, and denied admission to the

United States in the future.

**21. Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Jenifer Y. Hernández-Vega
Assistant U.S. Attorney
Chief, Child Exploitation & Immigration
Dated: 9/24/2025

_____
Shokir Kurbonovich Khalilov
Defendant
Dated: Oct 16/2025

_____
Emelina M. Agrait-Barreto
Assistant U.S. Attorney
Dated: 9/24/2025

_____
Marta Rey-Cacho
Counsel for Defendant
Dated: Oct 16/25

*United States v. Shokir Kurbonovich Khalilov*
25-267 (MAJ)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel translated the Plea Agreement to me in the Uzbek language with the assistance of an assigned interpreter and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: Oct 16 25

_____
Shokir Kurbonovich Khalilov
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines, and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement in the Uzbek language with the assistance of an assigned interpreter and explained it to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: Oct 16 25

_____
Marta Rey Cacho
Counsel for Defendant

*United States v. Shokir Kurbonovich Khalilov*
25-267 (MAJ)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, Shokir Kurbonovich Khalilov, admits that guilty as charged in Count Two of the Indictment and admits the following:

On April 28, 2025, Border Patrol Intelligence Agents received a report regarding a suspected marriage fraud involving Uzbekistan national, Shokir Kurbonovich Khalilov, and Keily Maisonet-Ortiz. The couple was seeking immigration benefits through marriage at the United States Citizenship and Immigration Services (USCIS) in San Juan, Puerto Rico. Khalilov and Maisonet were scheduled to meet a USCIS Officer for the naturalization interview on April 29, 2025. Although they arrived to the USCIS with a third adult male, surveillance footage confirmed that they left the premises before the interview commenced and without notifying USCIS personnel.

Later that same day, Khalilov was located at the Luis Muñoz Marin International Airport where he had just purchased a same-day airline ticket to Atlanta. He was arrested and transported to the Ramey Border Patrol Station for further processing and removal proceedings. His mobile device was seized incident to the arrest. Khalilov also signed a consent form for the review of his mobile device in the Russian language.

A search through immigration records revealed that Khalilov is an Uzbekistan national born in November 1987. Further inquiry revealed that on May 11, 2023, Khalilov was apprehended by Border Patrol agents in the San Diego sector for illegal entry. He admitted crossing the international border without inspection by an

immigration officer at a designated Port of Entry. Due to detention capacity, he was paroled until July 10, 2023. But he failed to report to the Immigration and Customs Enforcement (ICE) office within 60 days as required by the parole.

On February 29, 2024, Khalilov traveled from Miami, Florida to Puerto Rico with other individuals. By March 13, 2024, that is, 13 days, Khalilov and Maisonet paid $505.00 for a marriage ceremony and marriage license and entered into marriage that same day. The marriage was registered in the Puerto Rico Demographic Registry on March 15, 2024. On the same day of the marriage, Khalilov booked a flight and traveled from San Juan, Puerto Rico, to Tampa, Florida.

On October 18, 2024, Khalilov filed an I-485 application to register permanent residence or adjust status, and an I-765 application for employment authorization before the USCIS. In support for his request for permanent residence, Khalilov submitted the marriage certificate, a photo of the alleged marriage ceremony with the Maisonet, and a photo of the couple with other acquaintances.

The extraction of Khalilov's mobile device revealed text communications with Maisonet in which he promises to purchase a car valued at $5,000.00 of $6,000.00 for her as long as she puts an effort into the interview with USCIS. He also told her that he did not want sex with her, and he would buy her furniture until April 29, 2025, the day of the USCIS interview. Photos of Khalilov and Maisonet dated August 26, 2024, depicting a wedding setting were also found in the device.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and

documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

_____
Emelina M. Agrait Barreto
Assistant U.S. Attorney
Dated: 9/24/2025

_____
Marta Rey-Cacho
Counsel for Defendant
Dated: Oct/16/25

_____
Shokir Kurbonovich Khalilov
Defendant
Dated: Oct/16/25